

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

December 9, 1949

Hon. Clyde Fillmore
District Attorney
Wichita Falls, Texas

Opinion No. V-959.

Re: Authority to pay a court
reporter from another dis-
trict traveling expenses
to Wichita County to per-
form duties of court re-
porter there.

Dear Mr. Fillmore:

Your request for an opinion is substantially
as follows:

Judge Floyd Jones of Breckenridge held
a term of court for Judge Frank Ikard of the
30th Judicial District in Wichita County,
Texas. The court reporter accompanied him
to Wichita County inasmuch as the court re-
porter for the 30th Judicial District was in
Vernon, Texas, to report the case of Texanna
Oil Co. v. Kathelene Kelly, et al, No. 9219,
by reason of the illness of the court report-
er in Vernon. Judge Jones was advised to
bring his court reporter with him by reason
of the absence of the regular court reporter
for the 30th Judicial District.

The question presented is whether Wichi-
ta County has the authority to pay the visit-
ing court reporter his actual and necessary
expenses in going to and returning from Wi-
chita County.

Article 2326a, V.C.S., provides, in part, as
follows:

"All official shorthand reporters and
deputy official shorthand reporters of the
District Courts of the State of Texas com-
posed of more than one county, when engaged
in the discharge of their official duties
in any county in this State other than the
county of their residence shall, in addition
to the compensation now provided by law for

their services, be allowed their actual and
necessary expenses while actually engaged in
the discharge of such duties, not to exceed
the sum of Four Dollars per day for hotel
bills, and not to exceed four cents a mile
when traveling by railroad or bus lines, and
not to exceed ten cents a mile when travel-
ing by private conveyance in going to and
returning from the place where such duties
are discharged, traveling the nearest prac-
tical route. . .

"Where the official or deputy official
shorthand reporter does not reside in the
Judicial District for which he or she is ap-
pointed, he or she shall only be entitled to
traveling expenses from the time he or she
reaches the County Line of any county in the
Judicial District.  Provided, however, that
whenever any official or deputy official
shorthand reporter is called upon to report
the proceedings of any special term of Court,
<u>or on account of the sickness of any official
shorthand reporter of any Judicial District</u>,
necessitating the employment of a shorthand
reporter from some other county within the
State, then the shorthand reporter so employ-
ed shall receive and be paid all actual and
necessary expenses in going to and returning
from the place where he or she may be called
on to report the proceedings of any Regular
or Special terms of Court." (Emphasis added)

In determining the question presented, it be-
comes necessary to construe the last portion of Article
2326a relating to the sickness of any official shorthand
reporter of any Judicial District.  Your fact situation
reflects that the regularly appointed court reporter of
the 30th Judicial District was reporting a case in Ver-
non, Texas, where he was substituting on account of the
illness of the court reporter in that district, thereby
necessitating the employment of a shorthand reporter
from some other county within the State to substitute
for the court reporter of the 30th Judicial District.
The construction placed upon this portion of the statute
by this office is that the language is sufficient in
scope to authorize the payment of all actual and neces-
sary expenses to the court reporter accompanying Judge
Jones in going to and returning from Wichita County.

## SUMMARY

A court reporter who substitutes for a court reporter of another district who is absent by reason of the illness of a third court reporter in another judicial district would be entitled to his or her actual and necessary expenses in going to and returning from the place where he or she would be called upon to report such proceedings pursuant to Article 2326a, V.C.S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Assistant

BW:bh

APPROVED

Price Daniel
ATTORNEY GENERAL